UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22878-CIV-ALTONAGA/Goodman

**ELSA MARTINEZ**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

_____/

## ORDER

On July 13, 2020, Plaintiff, Elsa Martinez, filed a Complaint [ECF No. 1] seeking review of Defendant's decision denying her disability benefits under the Social Security Act. The matter was referred to Magistrate Judge Jonathan Goodman for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 2]). Thereafter, Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion") [ECF No. 19]; Defendant, the Commissioner of the Social Security Administration, filed a Motion for Summary Judgment ("Defendant's Motion") [ECF No. 20]; and Plaintiff filed a Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response") [ECF No. 22].

On August 11, 2021, the Magistrate Judge entered his Report and Recommendations ("Report") [ECF No. 23], recommending the Court grant Defendant's Motion, deny Plaintiff's Motion, and enter final judgment in favor of Defendant. On August 24, 2021, Plaintiff timely filed her Objections [ECF No. 24] to the Report, to which Defendant filed a Response [ECF No. 25]. For the following reasons, the Report is affirmed and adopted.

In Plaintiff's administrative proceedings, the ALJ denied Plaintiff's claim for benefits

after following the requisite five-step evaluation process for social security claims. (*See* Admin. R. [ECF No. 16] 28–41).[1] As relevant here, when the ALJ determined Plaintiff's residual functional capacity ("RFC"), she found Plaintiff "will be off task not to exceed 10% of the day." (*Id.* 33). In concluding Plaintiff is capable of work that exists in significant numbers in the national economy, the ALJ relied on the testimony of a vocational expert ("VE"). (*See id.* 34). The VE stated at Plaintiff's administrative hearing that an employer of unskilled workers would "generally anticipate[]" a worker may be absent from work 6 to 10 days a year. (*Id.* 77–78 (alteration added)).

In her Motion for Summary Judgment and her Response, Plaintiff advances a novel theory: an off-task finding of 10% a day should be aggregated over the course of a year and then should be equated as a day's absence for each 8-hour increment. (*See* Pl.'s Mot. 5–6; Pl.'s Resp. 1–3; *see also* Report 6). According to Plaintiff's creative theory, "being off-task up to [10%] of a workday is akin to missing 0.8 hours a day or a total of [4] hours a week. Assuming there are at least 50 weeks of work in a year, that adds up quickly to 200 hours a year, or the equivalent of 25 eight-hour workdays, which is over [800%] greater than the average 3.0 annual absences reported by the [Bureau of Labor Statistics ("BLS")]." (Pl.'s Resp. 2 (alterations added)). Moreover, because the VE testified an employer would generally anticipate a worker being absent 6 to 10 days a year, Plaintiff argues there is an apparent conflict between this testimony and the ALJ's finding that Plaintiff could find a job despite being off task 10% of the time. (*See id.* 4). Plaintiff contends "remand is warranted to obtain clarification on, or further support for, the VE's wildly inconsistent testimony in light of the ALJ's own limitation regarding time off task." (*Id.*).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Contrary to Plaintiff's bold assertion, there is nothing "wildly inconsistent" about the VE's testimony or how the ALJ considered the off-task finding.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). A proper objection "identifie[s] specific findings set forth in the R & R and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added).

In his Report, the Magistrate Judge meticulously analyzed Plaintiff's argument and made several findings for why it is meritless, including: (1) Plaintiff does not provide any case supporting her theory in her Motion for Summary Judgment or Response, whereas Defendant "includes citations to cases where courts in this [D]istrict have affirmed the ALJ's decision with similar RFCs" (Report 8 (alteration added)); (2) the ALJ only had an affirmative duty to identify apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT") — not information from the BLS (*see id.* 9–11); (3) even when considering the BLS statistics, Plaintiff's theory is mathematically incorrect because the BLS only considers an employee "absent" when he or she works less than 35 hours, so if Plaintiff is off task for 10% of the 40-hour workweek Plaintiff assumes, then she will still work 36 hours and will thus not actually be "absent" (*see id.* 11–14); (4) Plaintiff "cannot establish the [BLS] shares her view on the length of the workweek, the definition of an absence, or what non-working activities are included in an absence" (*id.* 14 (alterations added)); (5) "[t]he law in this [C]ircuit does not require an ALJ [] to consider the type of data by which [Plaintiff] seeks to undermine the ALJ's ruling" (*id.* (alterations added)); and (6) "courts in this [C]ircuit regularly affirm ALJ decisions that a claimant is not disabled even when the claimant may be off task throughout the day" (*id.* 14–15 (alteration added; collecting cases)).

Plaintiff only properly objects to the Magistrate Judge's first finding — that Plaintiff did not provide any legal authority to support her theory, while Defendant provided cases that undermined it. (*See* Obj. 1–2).

The rest of the analysis in Plaintiff's Objections — which is, in fact, the bulk of the analysis — is copied verbatim from her Response. (*Compare* Obj. 2–5, *with* Pl.'s Resp. 1–4). In this portion of her analysis, Plaintiff does not even reference the Magistrate Judge, his Report, or any of his findings. This is, of course, because the analysis is copied and pasted from her Response, which was written before the Report. Because these "objections" were clearly drafted prior to the Report, they do not (and cannot) specifically identify the portions of the Report to which Plaintiff objects — much less articulate legal grounds for objections — and are therefore improper. *See Leatherwood*, 384 F. App'x at 857. Plaintiff thus ignores most of the analysis contained in the Report, which the Court finds is well-reasoned and free of clear error. In fact, the Magistrate Judge's ultimate conclusion is well-supported even without the one finding Plaintiff objects to.

Turning to Plaintiff's properly stated objection, in his Report, the Magistrate Judge states:

> [Plaintiff] does not cite a single supporting case in the argument section of her [Motion for Summary Judgment], nor does she cite a single case in the entirety of her [R]esponse to [Defendant's Motion]. In contrast, [Defendant's Motion] includes citations to cases where courts in this [D]istrict have affirmed the ALJ's decision with similar RFCs.

(Report 8 (alterations added)). Plaintiff admits she "is raising what appears to be a novel challenge and did not provide an example of a court decision finding a '[10%] off-task' limitation was work-preclusive[.]" (Obj. 2 (alterations added)). Instead, Plaintiff argues Defendant has not provided any cases that support its position because, in the two cases Defendant cited, the claimant did not specifically challenge the 10% off-task finding. (*See id.*).

According to Plaintiff, "[b]oth Plaintiff and Defendant, then, are in the same position — without citation to a case specifically affirming or denying a challenge to whether a '[10%] off-task' limitation is itself work-preclusive. Thus, the Magistrate's adoption of [Defendant's] suggestion that there are, in fact, cases that support [Defendant's] position should be disregarded." (*Id.* (alterations added)).

Plaintiff misses the point. Defendant cited *Buckwalter v. Saul*, No. 18-14506-Civ, 2019 WL 4277487, at *12 (S.D. Fla. Sept. 10, 2019), *aff'd sub nom. Buckwalter v. Acting Commissioner of Social Security*, 5 F.4th 1315 (11th Cir. 2021), and *Anderson v. Saul*, No. 8:18-cv-2780, 2020 WL 1285036, at *1 (M.D. Fla. Mar. 16, 2020), as examples of the many instances where an ALJ included a 10% off-task finding in a claimant's RFC and neither the parties nor the reviewing court found any issue with it. (*See* Def.'s Mot. 7 n.3). The point is that it is routine practice to include one of these findings in an RFC. Indeed, the Magistrate Judge provided additional examples of courts affirming an ALJ's decision despite including a similar off-task finding in a claimant's RFC. (*See* Report 14–15 (citing *Olney v. Comm'r of Soc. Sec.*, No. 2:17-cv-349, 2018 WL 4760799, at *5 (M.D. Fla. July 30, 2018) (10% off-task finding); *Abreu v. Berryhill*, No. 18-21029-Civ, 2019 WL 3216037, at *2 (S.D. Fla. July 17, 2019) (off-task finding of five-minutes per hour); *Johnson v. Berryhill*, No. 1:17cv248, 2018 WL 3423058, at *3 (N.D. Fla. June 28, 2018) (10% off-task finding); *Edge v. Colvin*, No. 5:13-cv-01476, 2014 WL 4494213, at *8 (N.D. Ala. Sept. 10, 2014) (10% off-task finding)). These cases should not be "disregarded[,]" as Plaintiff argues. (Obj. 2 (alteration added)). Quite the contrary — these cases are persuasive authorities that are entitled to great weight compared to Plaintiff's complete lack of legal authority.

Other claimants likely have not raised a challenge like Plaintiff's because — for the

Case No. 20-22878-CIV-ALTONAGA/Goodman

numerous reasons the Magistrate Judge outlines in his Report and that Plaintiff ignores entirely — it is meritless.

In short, the undersigned fully agrees with the analysis and recommendations in the Report. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report and Recommendation **[ECF No. 23]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 19]** is **DENIED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 20]** is **GRANTED**.

3. Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 13th day of September, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Jonathan Goodman
counsel of record